09-0475-ag
Simoni v. Holder

BIA
Weisel, IJ
A096 452 879

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        PIERRE N. LEVAL,
        PETER W. HALL,
                *Circuit Judges.*

———————————————————————————————

Fred Simoni, a.k.a. Agim Murtez Ani,
        *Petitioner,*

        v.                                    09-0475-ag
                                              NAC
Eric H. Holder, Jr.,
United States Attorney General,
        *Respondent.*

———————————————————————————————

FOR PETITIONER:        Parker Waggaman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Anh-Thu P. Mai-Windle,
                       Senior Litigation Counsel, Lynda A.
                       Do, Attorney, United States
                       Department of Justice, Civil
                       Division, Office of Immigration
                       Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Fred Simoni, a native and citizen of Albania, seeks review of the January 7, 2009 order of the BIA affirming the December 6, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fred Simoni*, No. A096 452 879 (B.I.A. Jan. 7, 2009), *aff'g* No. A096 452 879 (Immig. Ct. N.Y. City Dec. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). As an initial matter, contrary to the government's assertion that Simoni's challenge to the IJ's changed country conditions finding was unexhausted before the BIA, the issue is considered exhausted because the BIA addressed it. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006).

Assuming, as did the BIA, that Simoni established he suffered past persecution, substantial evidence supports the agency's determination that country conditions in Albania have significantly changed such that Simoni did not establish a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i). Before this Court, Simoni argues, principally, that the agency erred in relying on *Hoxhallari v. Gonzales*, 468 F.3d 179 (2d Cir. 2006), in reaching its determination because his case is factually distinguishable from *Hoxhallari*. To wit, he does not have relatives who remain in Albania and are politically active. Petitioner, however, misreads *Hoxhallari*. The agency relied on the fact that Hoxhallari's relatives remained in Albania to support an adverse credibility finding, not as a basis for its alternative finding that changed circumstances in Albania

2

rebutted any presumption that Hoxhallari had a well-founded fear of future persecution. *Hoxhallari*, 468 F.3d at 182-83. Here, the agency properly conducted an individualized assessment of how the Democratic Party's victory in the 2005 and 2007 Albanian elections would affect Simoni's claim, and reasonably concluded that Simoni did not establish a well-founded fear of future persecution. *See Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007); *see also Hoxhallari*, 468 F.3d at 187 (holding that the agency need not enter specific findings regarding changed country conditions where "changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims," such as Albania). Moreover, Simoni identifies no evidence compelling the conclusion that changed country conditions in Albania do not negate his well-founded fear of persecution. *See Manzur*, 494 F.3d at 289.

Because Simoni was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where those claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006). Additionally, because Simoni presented no evidence of any long-lasting physical or mental effects of his alleged persecution, the agency did not err in finding that he failed to demonstrate eligibility for humanitarian asylum pursuant to 8 C.F.R. § 1208.13(b)(1). *See Jalloh v. Gonzales*, 489 F.3d 148, 151 (2d Cir. 2007); *Matter of Chen*, 20 I. & N. Dec. 16, 20 (B.I.A. 1989). Accordingly, the agency's denial of asylum was not improper.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk